```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| **MARK POST,** | * |
| Plaintiff, | * |
| vs. | *   Civil Action No. 07-00290-CG-B |
| **PHILLIPS CONSTRUCTION & TRUCKING, LLC,** | * |
| Defendant. | * |

## REPORT AND RECOMMENDATION

This action is before the Court due to Phillips Construction & Trucking, LLC's failure to obey Orders of this Court. Plaintiff Mark Post commenced this action against Defendant Phillips Construction & Trucking, LLC (hereinafter "Phillips Construction") on April 23, 2007, alleging violations of the Fair Labor Standards Act.[1] (Doc. 1). After service of the Summons and Complaint, an Answer was filed on behalf of Defendant Phillips Construction by attorney James Dorgan. (Doc. 5).

Subsequent thereto, attorney Dorgan filed a motion requesting permission to withdraw representation. (Doc. 10). In his motion, attorney Dorgan represented that Defendant Phillips Construction could no longer afford legal services and requested permission to withdraw from the case. (Id.) In an Order dated July 2, 2007, the

---

[1] Plaintiff requested and was granted permission to file an Amended Complaint. On October 15, 2007, Plaintiff amended his complaint to add claims against Charles D. Phillips and Kevin Phillips. (Doc. 30).

undersigned granted attorney Dorgan's Motion and directed Defendant Phillips Construction to obtain substitute counsel. (Doc. 13). Defendant Phillips Construction was expressly advised that corporations are prohibited from appearing in federal court without counsel. <u>Palazzo v. Gulf Oil Corp</u>., 764 F. 2d 1381, 1385 (11th Cir. 1985). Defendant was granted leave until July 20, 2007 to obtain new counsel. (Doc. 13). Notwithstanding the Court's Order, Defendant Phillips Construction did not obtain new counsel. Instead, on July 23, 2007, Kevin Phillips filed a pro se Response to Plaintiff's Motion to Amend Complaint. (Doc. 17). Accordingly, the undersigned issued an Order setting this matter for a conference before the undersigned on August 31, 2007, at 11:00 a.m. and directing Kevin Phillips to appear and show cause for Defendant Phillips Construction's failure to comply with the Court's Order. (Doc. 20).

The conference commenced, as scheduled, on August 31, 2007; however, Kevin Phillips did not appear as directed, nor did anyone appear on behalf of Defendant Phillips Construction. Thus, the undersigned issued yet another Order directing Defendant Phillips Construction to show cause, on or before September 20, 2007, why a default judgment should not be entered against it due to its repeated failure to adhere to Orders of this Court. (Doc. 23). Neither Phillips Construction nor Kevin Phillips have filed any response to the Court's Orders dated August 20, 2007 (Doc. 20) and

September 4, 2007 (Doc. 23). In fact, copies of the referenced Orders that were mailed to Kevin Phillips and Phillips Construction have been returned as "unclaimed." (Docs. 27, 28, 34 and 35). Phillips Construction's repeated failure to adhere to Orders of this Court necessitates a recommendation that a default be entered against it.

A corporation "is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d at 1385. Although Defendant Phillips Construction was placed on notice of the need to obtain counsel following the withdrawal of its former counsel, James Dorgan, and was afforded leave to obtain new counsel, Phillips Construction failed to secure counsel and has, instead, repeatedly disregarded Orders of this Court. It is well established that courts have the inherent power to punish disobedience of their orders by appropriate measures, including the entry of default. See Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006); Knight v. SCA Business Center, Inc., 2007 U.S. Dist. LEXIS 50412 (N.D. Ga. July 11, 2007). In this case, Defendant Phillips Construction failed to comply with the Court's directive to secure counsel, failed to appear for the conference conducted on August 31, 2007, and further failed to respond to the Court's show cause Order issued on September 4, 2007. (Doc. 23). At this juncture, it is quite apparent that no action, short of the entry

of a default, will suffice.  Accordingly, the undersigned **RECOMMENDS** that a default be entered against Defendant Phillips Construction.

The attached sheet contains important information regarding objections to this <u>Report and Recommendation</u>.  The Clerk of Court is **DIRECTED** to forward a copy of this Order to Defendant Phillips Construction and Kevin Phillips.

**DONE** this **14th** day of **November, 2007.**

            **/s/SONJA F. BIVINS**
            **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

1.   **<u>Objection</u>**.   Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(c); <u>Lewis v. Smith</u>, 855 F.2d 736, 738 (11th Cir. 1988).   The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

     A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Opposing party's response to the objection.</u>**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.   **<u>Transcript (applicable where proceedings tape recorded)</u>**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to

this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                          **/s/SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**